IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl Dewayne Cain, | No. CV-12-02074-PHX-ROS |
| Petitoner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

On August 16, 2013, Magistrate Judge Bridget S. Bade issued a Report and Recommendation ("R&R") recommending the petition for writ of habeas corpus be denied. (Doc. 18). Petitioner filed timely objections. For the following reasons, the R&R will be adopted in full.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the R&R, the district court's review of the part objected to must be *de novo. Id.* Petitioner filed timely objections, meaning the Court must conduct a *de novo* review. But having done so, the Court agrees with the Magistrate Judge that the petition is untimely.

Given the date his convictions became final, Petitioner had until April 24, 1997 to file a federal petition for writ of habeas corpus. Petitioner did not file his federal petition until September 27, 2012, meaning it is obviously untimely absent some type of tolling. There are

1 two types of tolling possibly applicable to Petitioner's claims: statutory and equitable.
2 Neither applies in this case.

3 Dealing first with statutory tolling, the *best-case* scenario for Petitioner is the
4 following. Petitioner's one-year clock on the filing of his federal petition began to run on
5 August 2, 1996 when there was a definitive ruling denying his first state petition for post-
6 conviction relief. (Doc. 18 at 10). Petitioner did not commence his second petition for post-
7 conviction relief until June 5, 1997. Upon filing his second petition, the one-year clock
8 stopped running due to statutory tolling but 307 days had already run between August 2,
9 1996 and June 5, 1997. *Cf. Campbell v. Henry*, 614 F.3d 1056, 1059 n.1 (9th Cir. 2010)
10 (calculating one-year period by adding up numerous periods when clock was running).
11 Petitioner's second petition for post-conviction relief was denied on December 21, 2000.
12 Therefore, on December 22, 2000, the one-year clock again started to run. And the clock ran
13 out on February 18, 2001. Accordingly, even under this generous interpretation of the record
14 and application of statutory tolling, this petition is untimely by over ten years.

15 In his objections to the R&R, Petitioner emphasizes that he filed many other petitions
16 for post-conviction relief between 2001 and 2012. Those petitions, however, have no bearing
17 on the issue of statutory tolling. Once the one-year clock ran out, the filing of additional
18 state petitions did not restart the clock. In other words, the fact that Petitioner's fifth petition
19 for post-conviction relief was denied by an Arizona court only four months before he filed
20 his this federal petition does not render the federal petition timely.

21 As for equitable tolling, Petitioner has not identified any "extraordinary
22 circumstances" that made it "*impossible* to file [his] petition" within the one-year period.
23 *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) (quotation omitted). Petitioner's lack
24 of counsel and confusion regarding the applicable limitations period are not sufficient to
25 establish equitable tolling. *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) ("[W]e
26 have never accepted *pro se* representation alone . . . as an excuse for prolonged inattention
27 when a statute's clear policy calls for promptness."); *Waldron-Ramsey v. Pacholke*, 556 F.3d
28 1008, 1013 (9th Cir. 2009) ("[A] pro se petitioner's confusion or ignorance of the law is not,

1  itself, a circumstances warranting equitable tolling."). And, at the very least, the record
2  shows Plaintiff did not pursue his rights with "reasonable diligence." *Ford*, 683 F.3d at 1237.
3  None of Petitioner's other objections have merit and the R&R will be adopted in full.
4  Accordingly,

**IT IS ORDERED** the Report and Recommendation (**Doc. 18**) is **ADOPTED**. The Petition for Writ of Habeas Corpus (**Doc. 1**) is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

DATED this 24th day of September, 2013.

Roslyn O. Silver
Senior United States District Judge